# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RUSSELL L. EBERSOLE                          :

    Plaintiff                          :

    v                          :                          Civil Action No. CCB-06-2484

ALBERTO GONZALES, *et al*.                          :

    Defendants                          :

o0o

## MEMORANDUM

Pending in the above-captioned case is defendants' motion to dismiss or for summary judgment.[1]  Paper No. 8.  Plaintiff has filed a response in opposition to the motion and a cross motion for summary judgment. Paper No. 11. Plaintiff's pending motion for extension of time shall be denied as moot in light of the filing of his response in opposition.  Paper No. 12.   Upon review of the papers filed, the court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6.  For the reasons set forth below, defendants' motion, construed as a motion for summary judgment, shall be granted.  Plaintiff's motion for summary judgment and request for injunctive relief shall be denied.

Also pending is plaintiff's request for a restraining order against Steven Finger, camp administrator at Federal Correctional Institution in Cumberland (FCI-Cumberland).  Paper No.13. Upon review of the allegations raised in plaintiff's request, the court concludes that the request is based solely on rumor, innuendo and speculation.  To the extent that a verbal confrontation took place between plaintiff and Finger, there is nothing in plaintiff's account of the events that would

---

[1] Although plaintiff styles his initial pleading as a petition for writ of mandamus and habeas corpus, it is more properly construed as a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

cause this court to believe Finger presents an imminent threat of harm to plaintiff.

## Background

Plaintiff, an inmate at FCI-Cumberland, alleges he was improperly denied access to the courts by prison officials. Paper No. 1. He claims that he was wrongfully accused of being involved in a fight with another inmate on November 21, 2005, and was cleared of all wrongdoing on December 14, 2005. *Id.* Ebersole Affidavit. Between November 21, 2005, and December 14, 2005, plaintiff was housed in the Special Housing Unit (SHU) due to the disciplinary charges pending against him. Plaintiff's appeal to the Fourth Circuit Court of Appeals related to his resentencing was due on December 20, 2005. *Id.*

Plaintiff was represented by counsel in his appeal, and on November 21, 2005, his attorney requested an extension of time to file the appellate brief, which plaintiff became aware of on November 28, 2005. *Id.* He sought permission to go to the SHU law library on November 29 and 30, 2005. His requests, in the form of handwritten notes placed in the door of his cell, followed instructions given by correctional officers working in the area. *Id.* He claims that none of the written requests were retrieved and he was not permitted to go to the law library. He describes his efforts to gain access to the law library as "horrific" and states all requests were ignored. *Id.*

Plaintiff claims that on December 28, 2005, he filed a request for administrative remedy concerning denial of access to the law library which was "perfectly executed." *Id.* He states that despite his compliance with applicable regulations, the request was rejected on January 3, 2006, with instructions to detach exhibits and resubmit the complaint that day. *Id.* Plaintiff complied with the instructions, but alleges that the complaint, which was placed in a staff mailbox, was never

2

processed. *Id*. He claims he waited approximately 20 days and discovered that the complaint was never received in the warden's office. *Id*. He speculates that the complaint was deliberately misdirected. *Id*.

Plaintiff alleges he had a meeting with Steven Finger on March 2, 2006, to discuss his missing complaint. *Id*. Upon telling Mr. Finger that he wanted the staff members who were responsible to be fired, three of his administrative remedy requests were dismissed as time-barred. *Id*. He claims he then filed an administrative remedy complaint on March 17, 2006, regarding his allegation that Mr. Finger severed his access to the administrative remedy process, but the request was rejected. *Id*.

Plaintiff further states that on July 13, 2006, the Fourth Circuit rejected his request to expand or modify his second direct appeal to include "post-Booker[2] legal arguments."[3]  Upon learning that his appeal was rejected, he filed an administrative remedy requesting placement in a community correction center for the rest of his term of incarceration as redress for denying him access to the law library. *Id*.

Finally, plaintiff claims that Unit Manager Shirley Crump told him on July 7 and 11, 2006, that he could not work on "legal stuff" and charged him with disobeying a direct order. *Id*. As a result of the charges he was reprimanded by the disciplinary hearing officer. He asserts that on July 28, 2006, he was fired from his job as an orderly in the education department in retaliation for

---

[2] *See United States v. Booker*, 543 U.S. 220 (2005).

[3] Plaintiff provides a copy of the decision issued by the Fourth Circuit which states that plaintiff's *Booker* claim was foreclosed by the court's decision in *United States v. Davenport*, 445 F. 3d 366, 369 – 70 (4th Cir. 2006) (rejecting ex post facto challenge to retroactive application of *Booker*). Paper No. 1 at Ex. 38.

3

attempting to exercise his constitutional rights.  *Id.*

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986)).

## Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Thus, the exhaustion provision plainly extends to plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).   Defendants in the instant case have properly raised the exhaustion issue and plaintiff has responded accordingly. Defendants contend that plaintiff has not exhausted administrative remedies with respect to his claim that he was denied access to courts due to his failure to comply with time parameters.   Paper No. 8 at Ex. 1E.   Specifically, defendants claim plaintiff filed an initial remedy (ID 399109-F1) on December 28, 2005. *Id.*   The remedy was rejected because it was not submitted in the proper format, but plaintiff was granted an extension to resubmit the request in proper form. *Id.*   Defendants allege the request (ID 399109-F4) was re-submitted by plaintiff on February 22, 2006, and was rejected

as untimely.  *Id.*  They conclude that his failure to comply with procedural requirements is a failure to properly exhaust administrative remedies, requiring dismissal of the instant case.  *Id.*

Plaintiff alleges his request was submitted in proper format initially, but he modified it in compliance with the instructions provided with the rejection  and re-submitted the request on January 3, 2006, by placing it in the prison staff mailbox.[4]  Paper No. 11 at pp. 4– 9.  He claims there is no administrative remedy form with the identification number 399109-F4 and that defendants have fabricated the documentation provided concerning this remedy request.  *Id.*  Given the contradictory information provided by the parties, the court cannot conclude that plaintiff did not exhaust his "available" remedies or that defendants did not frustrate his efforts at exhausting same. *See Taylor v. Barnett*, 105 F.Supp.2d  483, 486 (E.D. Va. 2000).  Accordingly, the complaint will not be dismissed for failure to exhaust administrative remedies.   The merits of the claim are addressed below.

## Access to Courts

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

---

[4] He asserts he could not submit the remedy in any other fashion because there was no appropriate staff member available to receive the remedy.  *Id.*

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

Plaintiff has not established that defendants' failure to provide him access to the law library on the dates requested caused him actual injury. Plaintiff's appeal to the Fourth Circuit was dismissed on the merits, based upon Fourth Circuit precedent dispositive of the issue raised. There is no evidence that plaintiff's access to the prison law library between November 21 and December 14, 2005, would have insulated his appeal from dismissal on the merits. Moreover, plaintiff was represented by counsel on appeal, and thus was not left to his own devices to comply with filing deadlines and prepare legal pleadings. *See Bounds*, 430 U.S. at 829 ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries <u>or</u> adequate assistance from persons trained in the law.") (Emphasis supplied). Indeed, plaintiff admits that his attorney requested and received an extension of time to file a brief in the appeal during his confinement in the SHU. Finally, plaintiff has not shown that any other issue he claims to have wished to raise is likely to have succeeded on appeal. Accordingly, defendants are entitled to summary judgment in

their favor on plaintiff's access to courts claim.

Retaliation

In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff's claim of retaliation concerns an allegation that he was ordered to stop working on "legal stuff" and subsequently charged with disobeying a direct order when he continued to do so. Notably absent from plaintiff's claim are the circumstances under which he was told to cease working on legal papers. Based on the documents submitted by plaintiff with his complaint, it is clear that he was only told he could not work on legal papers during the hours he was assigned to perform an institutional job assignment. Paper No. 1 at Ex. 36. To the extent that statements regarding plaintiff's litigious nature were made,[5] those statements do not convert the actions taken into a constitutional rights violation. The claim is without merit and defendants are entitled to summary judgment.

---

[5] Plaintiff asserts that Unit Manager Crump stated plaintiff was like a "spider web" and needed to be stopped, referring to plaintiff's litigiousness. Paper No. 1, Ebersole Affidavit.

**Conclusion**

Having found no merit in plaintiff's claims, the injunctive relief sought shall be denied. By separate order which follows judgment will be entered in favor of defendants.


  March 16, 2007                             /s/

Date                                           Catherine C. Blake

United States District Judge